STATE OF MINNESOTA *ex rel.* Edward O'Malley *vs.* JOHN J. O'CONNOR.

38  243
66  292
38  243
84  244

February 23, 1888.

**Extradition—Review of Papers on Habeas Corpus.**—In a case of extradition, the court, upon *habeas corpus,* having before it the papers upon which the governor's warrant issued, will decide upon their sufficiency.

**Same—Sufficiency of Indictment—Charge of Larceny.**—Where the indictment accompanying the requisition shows an offence committed against the laws of the demanding state, the court will not consider its sufficiency as a criminal pleading in other respects; thus, where the indictment shows a larceny committed, the court will not consider whether the property is described with the particularity required in criminal pleading.

*Habeas corpus.*

*Davis, Kellogg & Severance,* for relator.

*J. B. & W. H. Sanborn* and *R. J. Knox,* for respondent.

GILFILLAN, C. J.    This was a *habeas corpus* sued out by Edward O'Malley, who was detained under a warrant from the governor for his return to the state of New York, upon a requisition from the governor of that state claiming him as a fugitive from justice.    The papers on which the governor's warrant of extradition issued are before us, so that we are called on to pass upon their sufficiency.    To justify the issuing of the warrant, these things are necessary:    There must be a demand from the governor of the state where the crime was committed for the surrender of the fugitive who has fled from its jurisdiction; the requisition must be accompanied by an indictment or affidavit charging the commission of the offence; and this must be authenticated by the certificate of the governor making the requisition.    *People* v. *Donohue,* 84 N. Y. 438.

It is of course that the indictment or affidavit must state facts which constitute an offence in the state from which the requisition comes.    The offence charged in the indictment upon which the requisition was made was that he fraudulently, by means of a check upon a certain bank in which he knew he had no funds to meet the

check, procured from the firm of Wright & Scott the delivery to him of certain property, described as "certain contracts for the delivery of twenty thousand barrels of oil, theretofore made by said Edward O'Malley with said Wright & Scott," and "certain evidences of debt against said Edward O'Malley then and there held and owned by said Wright & Scott, and by which said Edward O'Malley was bound and obligated to pay to said Wright & Scott the sum of two thousand sixty-two 50-100 dollars, and which said contracts and evidences were then and there of the value of two thousand sixty-two 50-100 dollars." The indictment designates the offence as larceny. It appears that in New York, as in this state, the obtaining, with intent to defraud, of money or property by means of a check, when the person so obtaining the money or property knows that the drawer is not entitled to draw on the drawee for the sum specified therein, is larceny.

The objection made to the indictment is that it does not describe the property with sufficient definiteness. It may be conceded that the indictment, if objected to in time, is not sufficiently specific in this respect to be good for the purpose of putting the party charged upon trial according to the rules of criminal pleading in this state. This is so, not because it does not show that an offence has been committed, but because, for the protection of the accused, it is required in criminal pleadings that the indictment describe the offence with such particularity that the record will identify the offence in case he is charged with it a second time. From this indictment it appears that the accused obtained, by means of a fraudulent check, certain contracts and evidences of debt of the value alleged, belonging to the persons from whom he obtained them. This, by the laws of New York, was a crime. Whether the courts of that state would put the accused on his trial for the offence upon this particular indictment, or would before trying him require the property to be more particularly described with a view to greater protection to the accused, is not for us to decide. All that we have to determine is, does the indictment show that an offence was committed? With its sufficiency as a pleading in other respects we have no concern. *In the Matter of Voorhees,* 32 N. J. Law, 141; *Davis's Case,* 122 Mass. 324.

Writ quashed.