## E. BLACKWELL V. THE STATE.

*No. 3780.    Decided December 2.*

1. **Aggravated Assault—Indictment—Place of Religious Worship.**—Article 496, Penal Code, subdivision 2, provides that an assault or battery becomes aggravated when committed "*in* any place of religious worship." The indictment alleged that the assault was committed *at* Hickory Grove School House, when and where there was an assembly assembled for the purpose of religious worship, and which said Hickory Grove School House was then and there a place of religious worship. A motion in arrest of judgment was made, upon the ground that the indictment was insufficient because it substituted the word "at" for the word "in" used in the statute. *Held*, that the motion was properly overruled under the provisions of article 428o, Code of Criminal Procedure, which declares, "Words used in the statute to define an offense need not be strictly pursued in an indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

2. **Same—"At" and "In."**—The use of the word "at" for "in" in alleging place in an indictment or information does no violence to the meaning or language of the statute under which it was framed.

3. **Same—Variance—Allegata and Probata.**—Where the allegation was that the assault was committed in a house used for religious worship, and the evidence showed that the congregation were assembled under a brush arbor close to the school house, and which arbor was used in connection with and as part of the school house, *held*, that there was no variance between the allegations and proof.

4. **Evidence—Harmless Error.**—Where a witness was asked if he had ever heard of defendant having disturbed religious service before, and the evidence was objected to, but before the objection was ruled upon by the court the witness answered in the affirmative, whereupon the court ruled out the question and answer; *held*, no error; and further, that if the court had admitted the testimony the error would have been harmless, inasmuch as defendant as a witness in his own behalf admitted his commission of the act with which he was charged in the indictment.

5. **Aggravated Assault and Battery—Punishment—Verdict—Charge of the Court.**—Where the court charged the jury, "If you find the defendant guilty and assess his punishment at a fine only, the form of your verdict will be, 'We, the jury, find the defendant E. Blackwell guilty as charged, and assess his punishment at a fine of $500,' filling in the amount agreed upon." *Held*, that the charge was erroneous, as well as inconsistent in itself. That the punishment for aggravated assault, where it is by fine only, is not under the statute fixed absolutely at the sum of $500. And under the statute, article 498 of the Penal Code, it is for the jury and not the court to assess a fine of not less than $25 nor more than $1000.

APPEAL from the County Court of Delta. Tried below before Hon. S. M. Grant, County Judge.

Appellant was tried under information, and convicted for an aggravated assault committed by him at a place where people were assembled for religious worship. The assault was committed by him upon the minister who was conducting the religious services.

The opinion of the court sufficiently states the facts necessary to an understanding of the rulings.

*Bennett & Wood,* for appellant.

*W. F. Whitten,* County Attorney of Delta County, and *R. H. Harrison,* Assistant Attorney-General, for the State.—After the opinion of the court, as hereinafter set out, reversing the judgment of the court below and remanding the cause for another trial had been handed down, they filed a motion for a rehearing, supported by affidavits, in which it was attempted to be established that the figures $500, as they purported to be contained in the form of the verdict prescribed by the court for the jury in its charge, were inserted therein by some one unauthorized to do so, after the same had been handed by the court to the jury. That when said charge was handed by the court to the jury the place where the $500 was afterward inserted was left blank by the court. This motion for rehearing was overruled by the court without written opinion, but presumably upon the ground that the court on appeal would not hear evidence to contradict the record in regard to such a matter.

DAVIDSON, JUDGE.—Appellant was convicted of aggravated assault and fined $500. Motion in arrest of judgment was urged against the information, because it failed "to state the assault was committed in a·place of religious worship;" that it used the language, "at Hickory Grove School House." The basis of the motion is the alleged insufficiency of the word "at" to convey the meaning of the statutory word "in," contained in the second subdivision of article 496 of the Penal Code. That portion of the statute defines an aggravated assault to be such "when committed in a court of justice, or in any place of religious worship, or in any place where persons are assembled for the purpose of innocent amusement." Penal Code, art. 496, subdiv. 2.

Our Code of Procedure provides, that "words used in a statute to define an offense need not be strictly pursued in the indictment. It is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words." Code Crim. Proc., art. 428o. The words "in" and "at" are not defined in our codes. They therefore have the same meaning attached to them as commonly understood.

These two words, however, have been frequently the subjects of legal adjudication. The word "at" has been held equivalent to "in," or "within" to "in," or "near" to "into." In Louisiana it was held, that "at the parish of Caddo" was equivalent to "in the parish of Caddo." The State v. Nolan, 8 Rob. (La.), 517. In this State the expression "at the county" was held equivalent to "in the county." Augustine v. The State, 20 Texas, 450. Mr. Bishop says it is immaterial whether "in" or "at" is used in the allegation of place in an indictment. 1 Bish. Crim. Proc., sec. 378. See, also, 1 Am. and Eng. Encyc. of Law, p. 890; 10 Am. and Eng. Encyc. of Law, p. 322. The use of the word "at" for "in" in alleging place in the information does no violence to the meaning or language of the statute under which it was framed. We are of opinion the information is a valid one. Willson's Crim. Forms, No. 347.

The evidence shows the assault to have been committed upon the minister in a congregation of people assembled for religious worship, and pending such services. The congregation were assembled under a brush arbor, a few steps from the school house. This arbor seemed to have been constructed for the purpose of being used in cases of emergency, and in connection with and as part of the school house, and was being so used at the time for the purpose of carrying on a protracted service. Because the religious services were not being conducted in the house, but under the arbor, it is contended that there is a variance between the allegations in the information and the proof advanced. The same question was presented by special requested instructions, which were refused by the court. We are of opinion that the rulings of the court were correct in overruling the objections to the evidence as well as refusing to give the requested charges. The evidence sufficiently corresponds to the allegations in the information, and does not constitute a variance.

Moreland, a witness for the prosecution, was asked by defendant's counsel if he knew defendant's general reputation for being a peaceable, quiet, law-abiding citizen in the neighborhood where he resided. He replied that he did, and it was good. The State's counsel then inquired if he had ever heard of defendant disturbing religious worship before. This was objected to by defendant, but the witness replied before the court ruled on the objection, and his reply was in the affirmative. The court then said in the presence of the jury that both answers were inadmissible, and should not be considered by the jury. The previous trouble of the defendant in disturbing religious worship was testified to by himself; therefore, any supposed error in this respect was waived. We are of opinion that the court did not err in excluding the evidence of reputation, for, if error at all, it was harmless, under the facts of this case, inasmuch as the defendant admitted the commission of the act charged.

The court charged the jury properly with reference to the penalty, and then proceeded to tell them, "If you find the defendant guilty and assess his punishment at a fine only, the form of your verdict will be, 'We, the jury, find the defendant E. Blackwell guilty as charged, and assess his punishment at a fine of $500,' filling in the amount agreed upon." The verdict was for the sum of $500. There are two inconsistent penalties stated in the charge, the one correctly presenting the law, while the other states a penalty unknown to the law. The statute does not prescribe a penalty of $500 as the punishment of aggravated assault. We are of opinion this is such error as requires a reversal of the judgment. We are asked also to reverse the judgment because the verdict was excessive and cruel. We will not discuss the evidence, but will say that we do not agree with counsel for appellant.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.