66   291
84   244

STATE OF MINNESOTA ex rel. CHARLES W. SMITH v. MICHAEL N. GOSS.[1]

November 20, 1896.

Nos. 10,441—(298).

**Extradition—Sufficiency of Affidavit.**

In interstate extradition proceedings, the indictment or affidavit accompanying the requisition is sufficient if it substantially charges the commission of a crime against the laws of the state from whose justice the accused is alleged to have fled. With its sufficiency as a pleading in other respects the courts of the state in which the accused is found have no concern.

Appeal by relator from an order of the district court for Ramsey county, Kelly, J., remanding relator to the custody of respondent. Affirmed.

*J. W. Pinch*, for appellant.
*Pierce Butler* and *James E. Markham*, for respondent.

COLLINS, J. This is an appeal by the relator under the provisions of Laws 1895, c. 327, in habeas corpus proceedings instituted by him, he having been arrested and held under a warrant issued by the

[1] Reported in 68 N. W. 1089.

governor for his return to the state of Illinois upon a requisition from the governor of that state, asserting that he is a fugitive from justice. Accompanying the requisition was a certified copy of a complaint made and duly verified by the complaining witness before a justice of the peace of that state, and also an affidavit made and verified by the same party, before the same justice, and on the same day, each of these documents being, it is claimed by counsel for respondent, in full compliance with Rev. St. U. S. § 5278.

In behalf of the relator it is urged that the affidavit is not properly or sufficiently authenticated, but there is no ground for such contention. All of the papers attached to the requisition, the affidavit being one, are duly certified to and authenticated by the governor of the state of Illinois, and the statute before referred to requires nothing further.

It is also claimed, as a reason why the requisition should not be honored, that in neither complaint nor affidavit is the commission of any criminal offense charged. Taking the latter as the document upon which to rely, it becomes unnecessary again to mention the former. The crime charged in the affidavit, if any, is that the relator, by means of certain specified false representations and pretenses, and by means of a check drawn and signed by him upon the Lewiston National Bank at Lewiston, in the state of Illinois, obtained from the affiant "$50 worth of personal property and other valuable things, and did then and there cheat and defraud this affiant out of the said property." The point made against this affidavit is that it fails to describe the property alleged to have been obtained by means of the false pretenses, and for that reason the commission of a crime in the state of Illinois is not charged.

In State v. O'Connor, 38 Minn. 243, 36 N. W. 462, the question now before us was considered and disposed of in interstate extradition proceedings, in which the crime alleged in the indictment, made a part of the requisition papers, was of the same general character as that set forth in the affidavit we are now considering. The point was made in habeas corpus, as it is here, that the property secured by the accused by means of fraudulent pretenses was not described with sufficient definiteness. When considering this contention in the O'Connor case, this court conceded that, if the indictment was objected to in time, it was not sufficiently specific in respect to a descrip-

tion of the property said to have been obtained; but whether the courts of the state in which it was averred the crime had been committed would put the accused on trial for the offense upon the indictment, or would, before trying him, require the description to be made more definite, was not, it was said, for this court to decide. "All that we have to determine is, does the indictment show that an offense was committed? With its sufficiency as a pleading in other respects we have no concern." Two leading cases were cited. To these cases we add that of Wilcox v. Nolze, 34 Ohio St. 520, in which it was held that, in issuing his warrant of extradition, the governor of a state acts in an executive, and not in a judicial, capacity. He is not to regard a departure from the prescribed form for making the application, or as to the manner of charging the crime, in any matter not of the substance, and he is not to be controlled by the question whether the offense is or is not a crime in his own state, the inquiry being whether the act is punishable as a crime in the demanding state. See, also, Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, in which it was held that the indictment or affidavit is sufficient if the person demanded is substantially charged with a crime against the laws of the state from whose justice he is alleged to have fled.

We are of the opinion that the affidavit in question, although an indictment framed in the same words might have been defective as a pleading, substantially charged the commission of a crime against the laws of the state of Illinois.

The order appealed from is affirmed, and the stay of proceedings terminated.