[No. 1952]

Ex Parte LEWIS

1. Extradition—Proceedings—Sufficiency of Indictment.

The indictment under which petitioner was sought to be extradited to Ohio to be tried was properly entitled, and alleged that the grand jurors of H. County present that petitioner on the date stated "with force and arms 'at' the county of H. aforesaid," and thence continually to the finding of the indictment, being the father of F., a child of five years, did unlawfully neglect and refuse to provide such child with the necessary and proper home, care, etc., said petitioner being able to provide the child with a necessary proper home, etc., contrary to the form of the statute, etc., and against the peace of the state. The Ohio act of April 28, 1908 (99 Ohio Laws, p. 228), provides that the father of a child under 16, living in the state, who, being able, etc., shall neglect or refuse to provide a necessary and proper home, care, etc., shall be guilty of a felony, and that the offense shall be held to have been committed where the child may be when complaint is made, and that citizenship acquired by the father shall continue until the child has reached 16, if a child lives so long in the state. Petitioner claimed on *habeas corpus* that the indictment did not authorize his extradition for failure to allege the child's whereabouts at the time of neglect, or that the neglect was wilful, or the dependency or destitution of the child. *Held*, that the indictment was not so faulty in substance, as to prevent the execution of the writ, but sufficiently alleged for that purpose that the child was in the jurisdiction of the court finding the indictment when it was returned.

2. Criminal Law—Venue—Desertion of Child.

Under the Ohio act of April 28, 1908 (99 Ohio Laws, p. 228), imposing a penalty upon a father who neglects to provide for his minor child, and providing that the offense shall be held to have been committed in any county in which the child may be when complaint is made, the venue of the offense is in the county where the child is when complaint was made or the indictment returned.

Original proceeding. Application of Albert W.

Lewis for a writ of *habeas corpus*.    **Petition dismissed,** and petitioner remanded to custody.

The facts sufficiently appear in the opinion.

*P. A. McCarran,* for Petitioner:

The right of one state to demand of another a person accused of crime in the demanding state, is a right afforded under and by reason of the provisions of the constitution of the United States (art. 4, sec. 2), which reads as follows: "A person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall, upon demand of the executive authority of the state from which he fled, be delivered up to be returned to the state and jurisdiction of the crime."

The requisition must be accompanied by a copy of the indictment found, or an affidavit made before a magistrate, charging the person demanded with having committed a crime, and shall be duly certified by the governor or chief magistrate of the state or territory from which the person has fled. (U. S. Rev. Stat. 1874, sec. 5278; U. S. Comp. St. 1901, p. 3597.)

"A requisition unaccompanied by such a paper is no justification for the arrest of a fugitive." (*Ex Parte Powell,* 20 Fla. 806.)

The process by which requisition may be carried out is laid down in the acts of Congress, as follows: "Whenever the executive authority of any state or territory demands any person as a fugitive from justice of the executive authority of any other state or territory to which said person has fled, and presents a copy of an indictment found, or an affidavit made before a magistrate of any state or territory charging the person demanded with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the state or territory from which the person so charged has fled, it shall be the duty of the chief executive of the state or territory to which such person has fled to cause him to be arrested and secured,

and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the person may be discharged. All costs or expenses incurred in securing or transferring such fugitive to the state or territory making said demand, shall be paid by such state or territory." (U. S. Rev. Stat. 5278; 3 Fed. Stat. Ann. 78.)

The court is not limited to the executive warrant where *habeas corpus* proceedings are resorted to, but may go back of the executive warrant and inquire into the sufficiency of the papers connected with the requisition, and may inquire into the indictment, and determine whether or not the indictment states facts suffcient to constitute a public offense against the law of the demanding state. (*Compton* v. *State*, 152 Ala. 68; *Commonwealth* v. *Philadelphia Co. Prison*, 69 Atl. 916; *In re Waterman*, 29 Nev. 288.)

The court having a right to go beyond the executive warrant and inquire into the sufficiency of the indictment, it now becomes the privilege of the court to take up the indictment accompanying the requisition in this case, and examine the same to determine whether or not that indictment states facts sufficient to constitute a public offense against the laws of the State of Ohio.

The statute under which this case is brought is found on page 228 of the Session Acts of 1908 of the State of Ohio, Laws of Ohio: "An act to compel parents to maintain their children."

Our position with reference to the indictment in this case is that it does not state facts sufficient to constitute a public offense against the laws of Ohio, and in viewing the indictment we hold that in order to constitute a valid indictment under the laws of Ohio, and under the statute by reason of which this indictment is brought, three things are especially requisite: (1) Affirmative declaration of jurisdictional facts. (2) Dependency and desti-

tution of the child.    (3) Wilful desertion, failure or refusal to provide on the part of the father.

The indictment in this case makes no affirmative declaration as to jurisdiction or venue, in that it fails to set forth, affirmatively or otherwise, the place, either county or state, in which or at which the indictment alleges the offense to have been committed, or on any date prior thereto or subsequent thereto.    It is manifest that the statute of Ohio relied upon in this case was drawn for the sole purpose of applying to and operating in behalf of dependent children residing within the State of Ohio, and not otherwise.    The second section of the statute clearly sets forth the intent of the legislature which enacted the statute.

"If the offense charged is abandonment or neglect or refusal to provide such child, or children or pregnant woman with the necessary and proper home, care, food and clothing, the offense shall be held to have been committed in any county in this state in which such child, or children, or pregnant woman may be at the time such complaint is made." (Laws of Ohio, 1908, p. 229.)

In order to give any court in the State of Ohio jurisdiction of the crime charged, jurisdictional facts must appear upon the face of the indictment, and the essential jurisdictional fact in this cause of action is the place of being or residence of the dependent one at the time the offense is charged to have been committed, and the omission of affirmative declaration of jurisdictional facts is vital to an indictment for any crime.

"The offense should be charged in the county in which it was actually committed." (*People* v. *Scott*, 74 Cal. 95; 10 Ency. Pl. & Pr., note 2, p. 526; *Connor* v. *State*, 29 Fla. 455.)

This is such a universal and fundamental principle of criminal law that it would be encroaching upon the time of the court to present authorities in support thereof.

Jurisdictional averments in an indictment are as essential as any other statement of facts constituting the elements of a valid indictment.    An omission of jurisdic-

tional facts is vital to an indictment for any crime, and much more so is this true when the statute under which the indictment is drawn specifically sets forth that the crime can only be held to have been committed in the county in which the dependent one may be residing at the time the complaint is made.

In the complaint or warrant of extradition, the crime must be clearly set forth and all the facts constituting it must be stated. (*In re Waterman*, 29 Nev. 288.)

The place where the child was, and not where the father was, at the time of making the complaint fixes the venue. (29 Cyc. 1678; *Bennefield* v. *State*, 4 S. E. 869.)

Where was the child, Florence Lewis, on the date on which the indictment alleges the failure and refusal on the part of the relator, Albert W. Lewis? Was Florence Lewis in Hamilton County, State of Ohio, on the date on which the indictment alleges failure and refusal on the part of the relator?

Taking the very broadest view of the situation, can we say from the face of the indictment that Florence Lewis was even in the State of Ohio on or about the day on which the failure and refusal is alleged to have been committed by relator?

If the dependent child was not in Hamilton County on the date alleged in the indictment, could Lewis be indicted under this statute of Ohio, or could the court of common pleas of Hamilton County have jurisdiction over the alleged failure and refusal, if the dependent child was not within Hamilton County on or about that date?

If, after carefully considering the indictment, we are compelled to answer these questions either that the indictment does not state, or that the questions must be answered in the negative, then we submit that venue is not set forth affirmatively in the indictment, and hence no jurisdiction is conferred by affirmative declarations of the indictment itself, and hence the instrument does not state facts sufficient to confer jurisdiction, or to constitute a public offense against the laws of the State of Ohio.

A father can be tried only where the child lived at the

time of the abandonment.    (29 Cyc. 1678; *Jemmerson* v.
*State*, 80 Ga. 111.)

An allegation of the county wherein the crime was
committed is as material in the indictment as any fact
constituting the body of the offense.   (*State* v. *Chamberlain*, 6 Nev. 257.)

The want of an averment of an essential allegation in
an indictment cannot be corrected by evidence.   (*State* v.
*Thompson*, 12 Nev. 144.)

Under the decision in the 81st Ohio State Reports, at
page 392, the rule is laid down that it makes no difference
where the father was at the time the complaint is made.
The essential allegation to give jurisdiction is the place
of being of the child on the date alleged.

The indictment in this case fails to affirmatively declare
that the child, Florence Lewis, is dependent upon the
father, Albert W. Lewis, for food, clothing, etc., or that
she is in a destitute condition.

The destitute condition of the child must be alleged
and proven.   (*Baldwin* v. *State*, 45 S. E. 399; *Bull* v. *State*,
6 S. E. 172.)

The indictment in this case fails to state that the neglect
and refusal to provide for said child was wilful or intentional on the part of the petitioner.

In every crime or public offense there must be a union
or joint operation of act and intention of the party accused
of the crime.   A man will not be punished for his act done
or performed without his will or intention, nor will he be
punished for his intention without performing the act.

In cases of this sort it is essential that the particular
facts, showing the circumstances of an alleged desertion
of an infant, should be set out in the indictment with
such detail as to advise the accused of the specific offense
of which he is charged.   (29 Cyc. 1679; *Richie* v. *Commonwealth*, 64 S. W. 979.)

Intent to leave destitute must be alleged and proven.
(*Dalton* v. *State*, 44 S. E. 977.)

In the construction of statutes the courts are uniform
in their opinion that these statutes must, as against the

defendant, be strictly construed, and that nothing not within their words will be held within their meaning; while on the other hand, in favor of defendant, the construction is liberal. (10 Ency. Pl. & Pr., note 503; *Ex Parte Waterman*, 29 Nev. 288.)

The elements of the crime as set forth in the statute are: (1) The relationship between the party accused and the child. (2) The age of the child. (3) The place of residence of the child within the State of Ohio. (4) Neglect or refusal of the parent to provide for the child, said child being within the State of Ohio.

The indictment in this case fails to affirmatively declare the principal element of the crime under the laws of Ohio, to wit, the residence of the child at the time the offense is sought to be charged, and the indictment fails to set forth affirmatively either actually or constructively that the child was living in the State of Ohio at the time at which the petitioner is accused with the commission of the crime.

The petitioner should be discharged because:

First—The indictment fails to establish the jurisdiction and venue of the crime sought to be charged.

Second—The indictment fails to state sufficient facts to constitute a crime against the laws of the State of Ohio in that it fails to allege the whereabouts of the child at the time of the alleged neglect.

Third—The indictment fails to state facts sufficient to constitute an offense against the laws of Ohio in that it fails to allege that the so-called neglect and refusal was wilful or intentional on the part of the petitioner.

Fourth—The indictment fails to state sufficient facts to constitute a crime against the laws of the State of Ohio in that it fails to allege the dependency of the child upon petitioner or the destitution of the child at the time of the alleged failure and refusal.

*Cleveland H. Baker*, Attorney-General, for Respondent:

Counsel for petitioner contends that the indictment found and returned by the grand jury of Hamilton County, Ohio, against said Albert W. Lewis, a copy of

which, with other papers, are annexed to the requisition of the governor of Ohio, and are by him declared to be authentic, and upon which he bases and makes the request in the requisition, that the said Albert W. Lewis be arrested and delivered to the agent of the State of Ohio, does not state facts sufficient to constitute a public offense against the State of Ohio; that "each state has, through and by legislative enactment, the right to establish the form of pleadings and process to be observed in its own court, in both civil and criminal cases, subject only to the provisions of the constitution of the United States, involving the protection of life, liberty and property in all the states of the Union, and if, by the laws of the demanding state, every indictment is to be deemed and adjudged sufficient and good in law, which charges the crime substantially in the language of the statute, prohibiting its commission and prescribing the punishment therefor,  *  *  *  a court will not on *habeas corpus* in the surrendering state or territory discharge the prisoner from arrest because of formal or technical defects in a duly authenticated indictment, where it thus substantially charges a crime, because the sufficiency of the indictment, as a question of technical pleading, is to be determined in the state where it was found." (*Ex Parte Sheldon,* 34 Ohio St. 319; *People* v. *Brady,* 56 N. Y. 182; *Ex Parte Reggell,* 114 U. S. 642; *Roberts* v. *Reilly,* 116 U. S. 80; Church, *Habeas Corpus,* sec. 477.)

The indictment against the petitioner, as appears from the authenticated copy thereof, annexed to the requisition of the governor of Ohio, as to form and sufficiency, is well within the rule laid down by the numerous authorities above cited, and cannot, we confidently assert, be controverted or denied, and is in the language of the statute of that state, which denounces as a criminal offense against the state the commission of the acts therein enumerated, the indictment having been found under section 1 of an act entitled "An act to compel parents to maintain their children" (Session Laws of Ohio, 1908), which section reads as follows:

"The father, or when charged by law with the main-

tenance thereof, the mother, of a legitimate or illegitimate child or children, under sixteen years of age, or the husband of any pregnant woman, living in this state, or being able either by reason of having means, or by personal services, labor or earnings, shall neglect or refuse to provide such child or children or pregnant woman with necessary or proper home, care, food, and clothing, * * * shall, upon conviction, be deemed guilty of a felony."

The case of *State* v. *Sanner*, 81 Ohio St. 383, involved the construction of the statute of Ohio, the first section of said statute quoted above. The defendant in that case was indicted by the grand jury of Allen County for refusing, failing and neglecting to provide for his minor children, under sixteen years of age, living in said county, with the necessary and proper home, care, food and clothing, he being well able to furnish the same by reason of having means, and by personal service, labor and earnings, the charging part of that indictment being identical with the language used in the indictment in question here. The defendant demurred to the indictment on the ground that it does not charge an offense, nor does it charge the defendant with the commission of a crime or misdemeanor provided for in the statutes of Ohio. The court sustained the demurrer; from this order an appeal was taken to the supreme court by the district attorney upon exceptions to the rulings of the lower court in sustaining the demurrer, and the supreme court sustained the exceptions.

We submit that the reasons advanced by counsel for petitioner are entirely insufficient in law to warrant the court in ordering his discharge, and therefore respectfully ask that the prayer of his petition be denied.

By the Court, SWEENEY, C. J.:

This is an original proceeding in *habeas corpus*. The petition alleges that the said A. W. Lewis is held and unlawfully restrained of his liberty by the sheriff of Washoe County and one George W. Ryan, agent of the

State of Ohio.   The return upon the writ shows that the petitioner is held under and by virtue of an executive warrant issued by the governor of this state upon a requisition of the governor of the State of Ohio.

It is the contention of counsel for petitioner that petitioner is entitled to his release, notwithstanding such executive warrant, upon the ground that the copy of the indictment attached to and made a part of the requisition fails to state a public offense under the laws of the State of Ohio.   The copy of the indictment reads as follows:

"The State of Ohio, Hamilton County.   The Court of Common Pleas of Hamilton County.   Term of October in the year nineteen hundred and ten.   Hamilton County—ss.: The grand jurors of the county of Hamilton, in the name and by the authority of the State of Ohio, upon their oaths present that Albert Lewis on the 20th day of April, in the year nineteen hundred and ten, with force and arms, at the county of Hamilton aforesaid, and from that day continually to the time of finding this indictment, being the father of Florence Lewis, a child under the age of sixteen years, to wit, five years, did unlawfully neglect and refuse to provide said child with the necessary and proper home, care, food, and clothing, said Albert Lewis being able, by reason of having means and by personal services, labor, and earnings, to provide said child with necessary and proper home, care, food, and clothing, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio. Henry Hunt, Prosecuting Attorney, Hamilton County, Ohio."

The indictment is based upon an act of the legislature of the State of Ohio, approved April 28, 1908 (99 Ohio Laws, p. 228), the material portions of which, so far as this case is concerned, read as follows: "The father  *  *  * of a  *  *  *  child  *  *  *  under sixteen years of age,  *  *  *  living in this state, who, being able, either by reason of having means or by personal services, labor or earnings, shall neglect or refuse to provide such child  *  *  *  with necessary and proper home, care, food and

clothing, * * * shall, upon conviction, be deemed guilty of a felony and punished by imprisonment. * * * If the person charged shall * * * neglect or refuse to provide for such child * * * with the necessary and proper home, care, food and clothing, the offense shall be held to have been committed in any county of this state in which such child * * * may be at the time such complaint is made. The citizenship once acquired in this state of any father * * * of any * * * child living in this state shall be deemed, for all the purposes of this act, to continue until such child has arrived at the age of sixteen years, provided, said child, so long continues to live in this state."

Counsel for the petitioner contends that the indictment is insufficient in the following respects: That it fails to establish the jurisdiction and venue of the crime sought to be charged; that it fails to allege the whereabouts of the child at the time of the alleged neglect; that it fails to allege that the so-called neglect and refusal was wilful and intentional on the part of the petitioner; that it fails to allege the dependency of the child upon petitioner or the destitution of the child at the time of the alleged failure and refusal.

While it is essential that the indictment shall state facts sufficient to constitute an offense against the laws of the demanding state (*In re Waterman*, 29 Nev. 288, 11 L. R. A. 424), it is not essential that the indictment allege the offense with such particularity as to be free from all possible objection under the rules of construction applied by the courts of the demanding state, providing such objections do not go to any essential material ingredient necessary to make an indictment sufficient in law to hold the prisoner. While we are of the opinion that a writ of extradition should not be issued on an indictment which is faulty in substance, yet, as to matters of form in pleading, so long as the indictment states a cause of action sufficiently, this court will not interfere with the execution of the writ of extradition when issued on such an indictment. The indictment in the present case substan-

tially sets forth the crime specified in the statute; and, although the indictment seemingly is not as fully or artistically drawn as it might be in matters of minor detail, yet the objections to the defects in form of the indictment are of such a nature that they would not warrant this court in holding the indictment fatally defective and void, or to dismiss the indictment were it before us on demurrer without the right of the state to amend, should the objections interposed be considered vital.

Appreciating the inconvenience and gravity of permitting the transportation of a person from one state to another on any charge, we are of the opinion that the writ of extradition should not issue where an offense is not substantially pleaded in an indictment, or where it is manifest that the indictment, upon which the requisition for a writ of extradition is demanded, if attacked in a court of proper jurisdiction in the state where the party is alleged to be a fugitive from justice, would be dismissed. (*State ex rel. O'Malley* v. *O'Connor*, 38 Minn. 243, 36 N. W. 462; *Ex Parte Sheldon*, 34 Ohio St. 319; *People* v. *Brady*, 56 N. Y. 182; *Ex Parte Reggell*, 114 U. S. 642, 5 Sup. Ct. 1148, 29 L. Ed. 250; *Roberts* v. *Reilly*, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544; *Brown Case*, 112 Mass. 409, 17 Am. Rep. 114; *Davis Case*, 122 Mass. 324; Church, *Habeas Corpus*, 477.)

In *State ex rel. O'Malley* v. *O'Connor, supra*, the Supreme Court of Minnesota said: "Whether the courts of that state would put the accused on his trial for the offense upon this particular indictment or would, before trying him, require the property to be more particularly described with a view to greater protection to the accused, is not for us to decide. All we have to determine is, Does the indictment show that an offense was committed? With its sufficiency as a pleading in other respects we have no concern."

In *Ex Parte Sheldon, supra*, the Supreme Court of Ohio said: "It is to matters of substance, and not to matters of form, that the court will look under such circumstances."

It seems to be a well-settled rule in the Ohio courts that

if an indictment substantially follows the language of the statute it is sufficient. (*Van Valkenburg* v. *State*, 11 Ohio, 404.)

In the case of *State* v. *Toney*, 81 Ohio St. 130, 90 N. E. 142, the court said: "The test is, Has the accused party been apprised in the indictment of a charge against him so that he may know what he is expected to meet and will be required to answer?"

The indictment under consideration alleges those acts of delinquency upon the part of the defendant which are essential to constitute the offense as defined by the statute, which contains no requirement as to the dependency of the child. The point which counsel for petitioner has urged most strenuously is that the indictment fails to allege that the child was within the State of Ohio or within the jurisdiction of the court finding the indictment at the time the same was returned by the grand jury. If the indictment is not as clear as it should be in this respect, we think this objection is one which ought also to be determined by demurrer and to be passed on by the court in which the indictment was found.

While the venue of the crime is in the county where the child is when the complaint was made or the indictment returned (*State* v. *Sanner*, 81 Ohio St. 393, 90 N. E. 1007, 26 L. R. A. 1093), it sufficiently appears from the indictment, we think, for the purposes of this proceeding, that the minor child of the defendant named in the indictment was living in the county of Hamilton, State of Ohio, upon the return day of the indictment and for a number of days prior thereto, or else the defendant could not at the county of Hamilton have unlawfully neglected and refused to provide said child with necessary and proper home, care, food, and clothing as alleged in the indictment. The word "at" used in the indictment is equivalent to the word "in." (Bish. Crim. Prac. 378; *Blackwell* v. *State*, 17 S. W. 1061, 30 Tex. App. 416.) It might have been a little better form if the indictment had read: "That Albert Lewis on the 20th day of April, in the year 1910, and from that day continually to the

time of finding of this indictment, in the county of Hamilton aforesaid, * * * did unlawfully neglect," etc. But this is the plain import and meaning of the language used.

A strict requirement for particularity in pleading might require the specific allegation that the child was then and there residing in Hamilton County, but such is the natural inference from the language used, and will be deemed sufficient in a proceeding of this nature. The contention upon the part of counsel for petitioner that the indictment does not sufficiently apprise the accused of the charge against him, so that he may know what he is expected to meet and will be required to answer, does not impress this court with much force as a ground for release from the executive warrant of the governor of this state.

The petition is dismissed, and the petitioner is remanded to the custody of the sheriff of Washoe County to be delivered to the duly authorized agent of the State of Ohio for return to that state.