STATE OF MINNESOTA *ex rel.* Peter R. Stundahl *vs.* C. P. RICHARDSON.

| 34 | 115 |
|----|-----|
| 84 | 244 |

August 14, 1885.

**Extradition—Requisition—Jurisdiction—Habeas Corpus.** — Where an executive warrant for the surrender of a fugitive from justice is called in question upon *habeas corpus,* the existence of the jurisdictional facts required by the act of congress, in pursuance of which such warrant is issued, must appear upon the return to the writ, either by the recitals in the warrant, or by the records upon which the same is issued.

**Same— Copy of Indictment or Affidavit.**—Among other things, the requisition must be accompanied by a copy of an indictment found, or affidavit made before a magistrate, charging the fugitive with having committed the crime specified, and certified to be authentic by the executive by whom the demand is made.

**Same—Insufficient Warrant.**—A warrant annexed to the return to a writ of *habeas corpus,* reciting that the fugitive stands charged by *complaint* with the crime therein set forth, is insufficient as a justification for his arrest and surrender, unless a copy of the complaint is also produced, showing that it has all the essentials of the required affidavit.

**Same—"Complaint" not Equivalent to "Affidavit."**—The term "complaint" is not necessarily or presumptively equivalent to "affidavit," within the intent and meaning of the act of congress above referred to.

*Habeas corpus.* The relator, having been arrested and detained under a warrant issued by the governor of the state, on the requisition of the governor of the territory of Dakota, applied to the district court for the county of Fillmore for a writ of *habeas corpus,* which was duly issued and served. Respondent appeals from an order by

*Farmer,* J., discharging the relator, because of insufficiency of the warrant.

*William J. Hahn,* Attorney General, and *J. M. Martin,* for appellant, cited *Kingsbury's Case,* 106 Mass. 223, 227 and note; *Brown's Case,* 112 Mass. 409; *Davis' Case,* 122 Mass. 324; *In re Hooper,* 52 Wis. 699; *Kentucky* v. *Dennison,* 24 How. 66; *State* v. *Hufford,* 28 Iowa, 391; *Ex parte Morgan,* 20 Fed. Rep. 298.

*A. G. Chapman,* for relator.

VANDERBURGH, J.   In order to give the executive of the state jurisdiction to issue his warrant for the surrender of an alleged fugitive from justice, upon the requisition of the governor of another state, three things are essential under the act of congress, (U. S. Rev. St. § 5278:)   (1) He must be demanded by the executive of the state from which he fled; (2) a copy of an indictment found, or an affidavit made before a magistrate, charging him with having committed the crime specified; (3) such copy of the indictment or affidavit must accompany the requisition, and be certified as authentic by the executive of such state.   If these requisites are complied with, a warrant of surrender may properly be issued, and the party charged is properly restrained of his liberty.   *In the matter of Clark,* 9 Wend. 212.   It is not necessary that copies of the indictment, affidavit, or other records, be annexed to the warrant.   It is sufficient that they be produced if the warrant be called in question, or that the jurisdictional facts are recited on the face of the warrant.   *People* v. *Donohue,* 84 N. Y. 438; *In the matter of Romaine,* 23 Cal. 585.

The appellant, as marshal of the village of Lanesboro, made return to the writ of *habeas corpus* in this matter that he detained the relator, an alleged fugitive, by virtue of the executive warrant annexed to his return; and, no other records being produced, the case was determined by the district judge solely upon the sufficiency of such warrant.

The chief objection urged against the warrant is that it is insufficient in that it recites that the alleged fugitive stands charged "by complaint in the county of Minnehaha, in the territory of Dakota, with the crime" specified, but does not show that he was so charged by indictment found or by affidavit made, accompanying the requisi-

tion. It is contended by the appellant that the term "complaint" will, in such case, be intended to mean a complaint upon oath, and that the executive, in the discharge of his duty, must be presumed to have found it to be sufficient in form and substance to justify his official action in assuming to issue the warrant of surrender, and we are referred to the practice in Massachusetts, where it is held, under a state statute resembling our own, that a warrant which recites generally that the governor is satisfied that the demand is conformable to law and ought to be complied with, is sufficient. Gen. St. 1878, *c.* 103, § 2; *Kingsbury's Case,* 106 Mass. 223. It is a sufficient answer to this, however, that in the case at bar the warrant does not contain any such general recital, and it is therefore unnecessary for us to decide whether a warrant in that form would, by itself, be sufficient. Here the warrant assumes to set out and recite the jurisdictional facts relied on, and the relator claims it to be insufficient in the particular mentioned, and hence, in the absence of the record upon which the governor acted, no justification for the officer. We think the objection well taken. It ought to have appeared in this case by the return to the writ of *habeas corpus* that the executive was furnished with the required copy of the indictment or affidavit duly certified as authentic. As to the jurisdictional matters above referred to, the rule is held strictly.

An indictment or an information embodies a criminal charge or accusation by a grand jury, or by an officer acting under the sanction of an oath pursuant to law; but if the charge is not made in that form, then it must affirmatively appear to have been made by affidavit. Such affidavit must, of course, be in writing, and duly certified by the magistrate before whom made. It may be conceded that a complaint is the initial proceeding in criminal prosecutions and examinations before magistrates, and that such complaint is required to be upon oath. *Campbell* v. *Thompson,* 16 Me. 117. It may, also, by itself, if the statement of the criminal charge be sufficient, constitute an examination so as to authorize the issuance of a warrant. *State* v. *Nerbovig,* 33 Minn. 480. And if a jurat be attached, and it be properly certified by the magistrate, as is frequently the case in practice, it will be essentially an affidavit. But a complaint is not

necessarily an affidavit, nor are they in legal practice or contemplation understood as convertible terms. For, though a complaint may be reduced to writing and subscribed, it need not necessarily be certified by the magistrate, for the fact may otherwise appear by his records. And so a complaint may be merely formal, and made or entered by one who has but little, if any, knowledge about the facts, and the examination consist of the deposition of other witnesses,— *State* v. *Armstrong*, 4 Minn. 251, (335,)—while an affidavit, as the term is ordinarily used in such cases, is understood to be a sworn statement of facts or a deposition in writing, and to include a jurat, which means a certificate of the magistrate, showing that it was sworn to before him, including the date and sometimes, also, the place. *Young* v. *Young*, 18 Minn. 72, (90.) In this class of cases it will be implied from the executive authentication that the certifying officer is such magistrate.

Order affirmed.