STATE ex rel. J. H. GRANDE v. WILLIAM J. BATES.[1]

June 11, 1907.

Nos. 15,298—(212).

**Extradition.**

The relator was taken into custody by the respondent, as sheriff of the county of St. Louis, by virtue of the warrant of the governor of this state for his arrest and surrender to an agent of the state of California, as a fugitive from justice. This is an appeal from an order of the district court of the county of St. Louis discharging a writ of habeas corpus sued out by the relator and remanding him to the custody of the respondent. *Held:*

1. The copy of the affidavit charging the relator with a crime was duly certified as authentic by the governor of the demanding state.

2. It will be implied from the authentication that the officer certifying to the jurat of the affidavit was a magistrate, as represented therein.

3. That the venue of the offense and of the affidavit were properly stated therein, and that the affidavit charges the commission of a crime by the relator with sufficient definiteness.

4. In the absence of any claim by the relator, either in his petition for the writ or in his traverse of the return thereto, that he is not the person named in the warrant, the presumption arising from the identity of the name of the relator with the name in the warrant and requisition papers is sufficient prima facie evidence of his identity.

[1] Reported in 112 N. W. 260.

.5. The warrant and requisition papers. upon which it was based, and which are a part of the return and are before the court, are legally sufficient, although the warrant recites that the relator was charged upon complaint with the crime of forgery.

Appeal by relator from an order of the district court for St. Louis county, Dibell, J., discharging a writ of habeas corpus and remanding 'relator to the custody of respondent. Affirmed.

*William E. Culkin* and *Warner E. Whipple,* for appellant.

*Baldwin, Baldwin & Dancer,* for respondent.

·START, C. J.

This is an appeal from an order of the district court of the county of ·St. Louis discharging the writ of habeas corpus issued in this case and remanding the relator to the custody of the respondent as sheriff. The matter was heard in this court upon the petition for the writ, the writ, the return thereto, and the traverse thereof. It appears from such documents that a demand was made by the governor of the state of California upon the governor of the state of Minnesota for the surrender of the relator to the demanding state as a fugitive from justice; that such demand was honored by the governor of this state, who issued his warrant to the respondent, directing him to arrest the relator and deliver him to the agent of the demanding state; and, further, that the respondent now detains the relator by virtue of such warrant.

The relator here urges that the extradition proceedings, including the warrant of rendition, are not sufficient to justify his arrest and detention by the respondent as sheriff. In order that a person may be held for extradition, it must appear that he is a fugitive from the justice of the demanding state, and that a demand has been made for his surrender by the governor thereof, accompanied by a copy of an indictment found or an affidavit made before a magistrate of the demanding state charging him with having committed a crime therein, certified as authentic by the governor or chief magistrate of such state. Section 5278, R. S. U. S. [U. S. Comp. St. 1901, p. 3597]. If there was a compliance with these requisites in this case, the relator's detention is legal; otherwise, not.

1. The first objection to the proceedings urged is that the copy of the complaint or affidavit charging the relator with the crime of forgery

was not properly certified as authentic by the governor of California. The certification as contained in his demand is as follows: "It satisfactorily appears by the annexed and accompanying complaint, in form of an affidavit, filed in and issued out of the justice court of Stockton township, county of San Joaquin, state of California, and warrant of arrest issued out of said court, also affidavits of George F. McNoble, Walter F. Sibley, Joseph D. Simpson, and Hayward Reed (which I certify are authentic and duly authenticated in accordance with the laws of the state of California), that in the due and regular course of judicial proceedings under the laws of this state J. H. Grande stands charged with the crime of forgery." The objection is that the certification relates only to the affidavits of McNoble, Sibley, Simpson, and Reed. The only reasonable construction of the language used is that the governor certifies that all of the documents enumerated by him and upon which he bases his demand are authentic. His certificate is therefore sufficient.

2. The next objection is that the complaint or affidavit purports to be sworn to before a justice of the peace, but there is no proof before the court that a justice of the peace in the state of California is authorized to administer an oath, and this court cannot presume that the statute law of that state is the same as in this state. It will be implied from the executive authentication that the officer certifying to the jurat of the affidavit was such magistrate as he is therein represented to be. State v. Richardson, 34 Minn. 115, 24 N. W. 354.

3. Again, it is urged that the affidavit or verified complaint, charging the relator with a crime in the state of California, is fatally defective, for the reason that no venue is stated therein, and it is entitled in a cause not pending. The heading of the complaint or affidavit is this: "In Justice's Court of Stockton Township, in the County of San Joaquin, State of California." Then follows the title of the cause. Conceding the contention that technically no case was pending when the affidavit or complaint was sworn to, yet the title of the case—that is, the naming of the parties—is simply harmless surplusage. Rejecting this, the affidavit clearly shows on its face that the venue of the affidavit and of the offense charged was "Stockton township, in the county of San Joaquin, state of California." The objection is without merit. Young v. Young, 18 Minn. 72 (90); 1 Enc. Pl. & Pr. 313.

101 M.—20

4. It is further urged that there is no proof before the court of the identity of the relator as the J. H. Grande who is charged with forgery in California. The relator has not claimed that he is not such person. The respondent, as sheriff, made return to the writ that he detained the relator under and by virtue of the warrant of the governor of this state, issued on the demand of the governor of California, and the papers upon which it was based, copies of which were annexed to his return. The relator did not traverse this part of the return, although he did other portions of it; nor did he allege in his petition for the writ that he was not the person named in the warrant. While the relator might have raised the question of his identity by his petition or traverse to the return, or, perhaps, without traversing the return (see R. L. 1905, § 4584) the fact remains that he has not done so. He simply contents himself by asserting before this court, through his counsel, that there is no proof as to his identity, but does not even assert that he is not the party named in the warrant. See In re Leary, 15 Fed. Cas. 106 (No. 8,162). Under such circumstances the presumption arising from the identity of the name of the relator with the name in the warrant and requisition papers is sufficient prima facie evidence of his identity. 19 Cyc. 100.

5. The last objection urged by the relator is that the warrant of rendition is void because it recites that the relator stands charged upon "complaint" with the crime of forgery, instead of by "affidavit"; the federal statute making it imperative that there be a copy of an affidavit or indictment. It is true that the statute (section 5278, R. S. U. S.) provides that the demanding governor must produce a "copy of an indictment found, or an affidavit made before a magistrate, * * * charging the person demanded with having committed treason * * * or other crime, certified as authentic" by such governor, and thereupon it is the duty of the governor of the state upon whom the demand for the surrender of the fugitive from justice is made to cause him to be arrested and delivered to the agent appointed to receive him by the governor making the demand. It is to be noted that this statute does not prescribe the form or substance of the warrant of rendition, nor does our statute (R. L. 1905, § 5201) ; but the warrant should show upon its face that the officer to whom it is directed is thereby authorized to arrest the fugitive therein named and deliver him to the agent of the de-

manding state. This may be shown by a recital in the warrant of the ultimate facts, omitting details, which authorize the mandate of the warrant for the arrest and delivery of the alleged fugitive.

The warrant in this case recites that:

> Whereas, a demand has been made pursuant to the constitution and laws of the United States by J. N. Gillett, governor of the state of California, upon the governor of the state of Minnesota, for the delivery of J. H. Grande as a fugitive from justice of the state of California, and supposed to be within the limits of the state of Minnesota; and
>
> Whereas, the said J. H. Grande stands charged upon complaint in the county of San Joaquin, in the state of California, with the crime of forgery, alleged to have been committed on the 30th day of October, A. D. 1906, in the county of San Joaquin and state of California, a copy of which was duly produced and annexed to the demand, duly certified to as authentic by the said J. N. Gillett, governor of the state of California, which said charge as set forth in said complaint is made criminal by the laws of such state.

It is to be noted that the word "complaint" is used in the warrant, instead of the word "affidavit"; and counsel for relator, relying upon the case of State v. Richardson, 34 Minn. 115, claim that the warrant is void for that reason and that the relator must be discharged.

In the case cited the warrant recited that the alleged fugitive "stands charged by the complaint," and the legality of his detention was determined on habeas corpus proceedings solely upon the warrant, and this court held that a complaint was not necessarily an affidavit; hence, in the absence of the record upon which the governor acted, the warrant alone was not a justification for the detention of the alleged fugitive. In so holding the court said: "It is not necessary that copies of the indictment, affidavit, or other records be annexed to the warrant. It is sufficient that they be produced if the warrant be called in question, or that the jurisdictional facts are recited on the face of the warrant. People v. Donohue, 84 N. Y. 438; In the Matter of Romaine, 23 Cal. 585. * * * Here the warrant assumes to set out and recite the jurisdictional facts relied on, and the relator claims it to be insufficient in the

particular mentioned, and hence, in the absence of the record upon which the governor acted, no justification for the officer. We think the objection well taken. It ought to have appeared in this case by the return to the writ of habeas corpus that the executive was furnished with the required copy of the indictment or affidavit duly certified as authentic. As to the jurisdictional matters above referred to, the rule is held strictly."

See, in this connection, the case of State v. Clough, 71 N. H. 594, 598, 53 Atl. 1086, 1089 (67 L. R. A. 946) in which the court said: "If the evidence is legally sufficient to support the necessary facts, it must be presumed, even from a warrant which does not contain a full recital of such facts, that it was based upon their existence."

In the case at bar the warrant recites the ultimate fact that a demand was made upon the governor of this state by the governor of the state of California for the delivery of the relator as a fugitive from justice, of the state of California, pursuant to the constitution and laws of the United States, and that the relator stands charged with the crime of forgery alleged to have been committed in the demanding state.

But, if it be conceded that by the use of the word "complaint" in the warrant, instead of the word "affidavit," this case falls within the rule of the case of State v. Richardson, 34 Minn. 115, 24 N. W. 354, yet it appears, from the sheriff's return in this case and the papers before the court, that the warrant is sufficient within the rule of that case, and that the relator is not unlawfully restrained of his liberty by the sheriff, the respondent herein. It appears, from the return to the writ and the papers accompanying and made a part of the return, which papers constitute the record upon which the governor acted in issuing his warrant and which are a part of the record in this court in this case, that the governor of California duly demanded the surrender of the relator as a fugitive from the justice of that state; that such demand was made in strict accordance with the constitution and laws of the United States; that the complaint referred to in the governor's warrant was a verified complaint in form and legal effect an affidavit charging the relator with the crime of forgery with sufficient definiteness to show that the crime had been committed, and, further, that it was the duty of the governor of this state to surrender the relator to the agent of the governor of the state of California, and that he was authorized

and required to issue his warrant to effect such surrender. We accordingly hold that the warrant and proceedings by virtue of which the relator was arrested and is detained are valid, and that he is not unlawfully restrained of his liberty.

It is therefore ordered and adjudged that the order appealed from be, and it is, hereby affirmed, and that the writ of habeas corpus herein be, and it is, discharged, and the relator remanded to the custody of the respondent, as sheriff, to be by him delivered to the agent named in the warrant of the governor of this state. Counsel for the relator having requested, in the event of an adverse decision, a stay to enable him to apply for a writ of error from the supreme court of the United States, it is ordered that the execution of this judgment be stayed for ten days.