## STATE EX REL. FRANK NEMEC v. SHERIFF OF HENNEPIN COUNTY.[1]

March 4, 1921.

No. 22,313.

**Extradition.**

Authenticated copies of the complaint, the warrant and the pertinent sections of the Illinois statutes clearly showed that a criminal charge against relator was pending in a court of competent jurisdiction in the state of Illinois, and that he was a fugitive from justice when the requisition was presented to the Governor of Minnesota, and complied with U. S. R. S. § 5278. A defective paper attached to the requisition and styled an affidavit, but without date or jurat, was immaterial. [Reporter.]

**Habeas corpus in extradition proceeding.**

The good faith of a criminal prosecution in extradition proceedings, which has been passed on by the Governor, cannot be reviewed on habeas corpus, nor can the guilt or innocence of relator be inquired into. [Reporter.]

**Extradition — statutory rights of fugitive from justice.**

The statute requires the sheriff not to surrender a fugitive from justice arrested in Minnesota until he has had an opportunity to apply for a writ of habeas corpus, and it gives the right of appeal without bond. Such an appeal stays all proceedings, but in this case the sheriff did not comply with the statute, nor did he convey relator to the state line and there surrender relator to the agent appointed to receive him, as required by the rendition warrant, pursuant to G. S. 1913, § 9038. This was an infringement of relator's rights. [Reporter.]

Upon the relation of Frank Nemec the district court for Hennepin county granted its writ of habeas corpus directed to respondent as sheriff of that county. The matter was heard by Leary, J., who quashed the writ and remanded relator to the custody of respondent. From the order quashing the writ, relator appealed. Writ quashed.

[1] Reported in 181 N. W. 640.

*H. K. Chance,* for relator.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Floyd B. Olson,* County Attorney, for respondent.

PER CURIAM.

The relator, Frank Nemec, detained by the sheriff of Hennepin county under a warrant of rendition issued by the Governor of this state upon the requisition of the Governor of Illinois, seeks his liberty by a writ of habeas corpus. At the hearing before the district court of Hennepin county, an order was entered on the minutes quashing the writ. On the same. day relator appealed to this court.

The requisition is attacked on the ground that an affidavit attached thereto tends to show that, under the decision of People v. Santow, 293 Ill. 430, 127 N. E. 671, the act by which it is alleged relator unlawfully secured money was a business transaction wherein the parties dealt at arms-length, and not one wherein money was obtained by a confidence game. It is a question whether this paper may be called an affidavit. It is entitled the same as the criminal complaint, and its caption is: "Affidavit of Henry Hagen in aid of Extradition of Frank Nemec, fugitive from the justice of Illinois." It starts out: "Henry Hagen, being duly sworn, deposes and says," etc. It is signed by Henry Hagen, and by Harry M. Fisher, "Judge of the Municipal Court of Chicago;" but there is neither date, nor anything above the signature of Fisher to show that he administered an oath to Hagen. State v. Richardson, 34 Minn. 115, 24 N. W. 354. The main purpose of this so-called affidavit was to show that relator was in Chicago, Illinois, when the alleged crime was committed and hence is now a fugitive from justice. In other respects the instrument is far from satisfactory. It is rambling and disconnected, and could not well be made to serve as a criminal pleading. But we take it that the affidavit referred to in section 5278, R. S. of U. S., as authorizing a requisition, may also be the complaint, sworn to and filed in the municipal court of Chicago, upon which a judge of said court ordered a warrant for relator's apprehension. State v. Bates, 101 Minn. 303, 112 N. W. 260; State v. Curtis, 111 Minn. 240, 126 N. W. 719. Authenticated copies of this complaint, the warrant, and the pertinent sections of the Illinois statute, are annexed to the requisition. These documents clearly show that there is pending in a court of competent jurisdiction in the state of Illinois a criminal charge against relator, and that he was a fugitive from justice when the requisition was presented to the Governor of this state. The good faith of the prosecution has been passed on by the Governor and cannot be reviewed on habeas corpus, nor can the guilt or innocence of relator be inquired into. His identity is not denied. We fail to see wherein the rendition warrant is open to attack in this proceeding.

On the hearing in this court an infringement of the rights of relator was

incidentally disclosed, and we call attention thereto, to the end that there may not be future official delinquency in this respect. G. S. 1913, § 9038, gives to one requisitioned by the Chief Executive of another state the right to test the validity of the rendition proceeding. To that end the sheriff is required not to surrender the fugitive arrested therein, until he has had an opportunity to apply for a writ of habeas corpus. An appeal may be taken to this court in a habeas corpus proceeding. G. S. § 8311. No bond is needed. Here, on the same day that the court below quashed the writ, this appeal was taken. Of this the county attorney, the sheriff who had the rendition warrant, and the agent appointed by the Governor of Illinois to receive relator from the sheriff, had notice, and while relator was still in custody in this state. The appeal stayed all proceedings. It then became the duty of the sheriff to retain the custody of the relator pending the outcome of the appeal. This was not done. It is also to be noticed that the rendition warrant, pursuant to the direction of said section 9038, required the sheriff to convey relator to the state line, and there surrender him to the agent appointed by the Governor of Illinois to receive him. The sheriff failed to observe this requirement.

Writ quashed.