## STATE EX REL. LUZERNE C. ELLIOTT v. JOHN P. WALL AND ANOTHER.[1]

October 25, 1929.

No. 27,645.

[1]Reported in 227 N. W. 176.

*Stinchfield, Mackall, Crounse & McNally,* for appellant.

*Floyd B. Olson,* County Attorney, and *A. C. Lindholm,* Assistant County Attorney, for respondents.

HOLT, J.

Appeal by relator from an order of the district court of Hennepin county quashing the writ of habeas corpus and remanding him to the custody of the respondents.

Upon the requisition of the governor of Georgia the governor of this state issued a warrant of rendition under which relator is held by respondents. He urges three grounds for his discharge. The first is that the requisition is not conformable to law and hence void. Under this head it is urged that the prerequisites upon which the governor of Georgia is authorized under the law of that state to extradite have not been complied with.

The Georgia statute provides among other things that the application for the requisition must show the crime charged, the full name of the fugitive and the full name of the person to act as agent to convey the fugitive back, and also that the ends of public justice require that the fugitive be brought back for trial and that the requisition is not wanted for the purpose of enforcing the collection of a debt or for any private purpose whatever, but solely for the purpose of criminal prosecution as provided by law. It also provides:

"2. The application must be accompanied by the affidavit of the prosecutor, if any, stating that the requisition is wanted for the sole purpose of punishing the accused, and not in any way to collect a debt or money, or to enforce the payment thereof." [Penal Code, § 1357]

The application was made by the solicitor general of Georgia, who also made an affidavit subjoined to the application which recites that two certified copies of an indictment accompany. One of the latter, duly authenticated, is attached to the demanding warrant. The indictment charges false swearing by relator in obtaining a license to marry in Georgia. The point is made that the application does not show that the ends of justice require the fugitive be brought back for trial. It would seem that the fact that an indictment is returned and that the prosecuting attorney makes affidavit that the sole purpose of the requisition is to punish relator for the crime charged in the indictment is a substantial compliance with the Georgia statute referred to. There is also a claim that the middle initial of relator's name is not given either in the application, requisition or indictment, and that the agent designated to convey relator back is given as W. A. Wells, initials being used instead of the full name.

Relator does not deny that he is the one indicted under the name of Luzerne Elliott. We think there is no merit in relator's objection to the form of the documents upon which the requisition issued. We are also inclined to the view that it is for the governor of the demanding state to determine whether the conditions its code prescribes for the issuance of an extradition warrant have been complied with, and that the courts of this state have no authority to review or pass on that subject.

Since the code of Georgia provides that an oath may be administered either with or without laying the hand on the Holy Evangelist or by affirmation, this indictment is claimed to be defective (a) in not averring in which of the three modes the oath was administered when the false swearing took place, and (b) in failing to state that the false swearing took place "in any matter or thing

(other than a judicial proceeding).'' [Penal Code, § 261.] Defects of the character noted do not vitiate the indictment for extradition purposes. At least no decisions from Georgia have been called to our attention so ruling.

"Where the indictment accompanying the requisition shows an offense committed against the laws of the demanding state, the court will not consider its sufficiency as a criminal pleading in other respects." State ex rel. O'Malley v. O'Connor, 38 Minn. 243, 36 N. W. 462; State ex rel. Smith v. Goss, 66 Minn. 291, 68 N. W. 1089.

We think Pierce v. Creecy, 210 U. S. 387, 402, 404, 28 S. Ct. 714, 718, 52 L. ed. 1113, completely disposes of all the attacks here made, where the court, in considering the essential requirement that the indictment accompanying a requisition warrant show the fugitive is charged with a crime, said:

"The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled. * * * This court, in cases already cited, has said, somewhat vaguely but with as much precision as the subject admits, that the indictment, in order to constitute a sufficient charge of crime to warrant interstate extradition, need show no more than that the accused was substantially charged with crime. This indictment meets and surpasses that standard, and is enough. If more were required it would impose upon courts, in the trial of writs of habeas corpus, the duty of a critical examination of the laws of states with whose jurisprudence and criminal procedure they can have only a general acquaintance. Such a duty would be an intolerable burden, certain to lead to errors in decision, irritable to the just pride of the states and fruitful of miscarriages of justice."

Relator claims he is not a fugitive, in that he and the prosecuting witness voluntarily and openly came to this state to his former

home. He also complains of a denial of proving that the prosecution is not in good faith to punish for the crime charged, but to obtain money. With his concession that he was in Georgia when the crime for which he was indicted was committed, both of these claims, we think, are so clearly and effectively disposed of by Justice Bunn in State ex rel. Fowler v. Langum, 126 Minn. 38, 147 N. W. 708, that further discussion would serve no useful purpose. See also State ex rel. Nemec v. Sheriff of Hennepin County, 148 Minn. 484, 181 N. W. 640. Relator relies on In re Tod, 12 S. D. 386, 81 N. W. 637, 47 L. R. A. 566, 76 A. S. R. 616. In so far as that case seems to run contrary to State ex rel. Fowler v. Langum, 126 Minn. 38, 147 N. W. 708, it is expressly disapproved in State ex rel. Curry v. Wagener, 145 Minn. 377, 177 N. W. 346; also in Matter of Galbreath, 24 N. D. 582, 139 N. W. 1050, and Leonard v. Zweifel, 171 Iowa, 522, 151 N. W. 1054. Moreover, when the complaining witness voluntarily accompanied relator to his home in Minnesota she had no knowledge that he had committed the crime of false swearing in procuring the license to marry her. She ascertained that he had so done after she came on that visit.

The writ stands quashed, and relator is remanded to the custody of respondents to be dealt with as commanded by the rendition warrant under which he is detained.