## STATE EX REL. GEORGE E. KING v. JOHN P. WALL.[1]

November 7, 1930.

No. 28,268.

*A. M. Gunn,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Floyd B. Olson,* County Attorney, for respondent.

WILSON, C. J.

Relator has appealed from an order quashing a writ of habeas corpus and remanding him to the custody of the respondent.

By stipulation the parties have submitted the matter to this court upon the record made in the lower court. The relator attacks the sufficiency of the papers accompanying the demand from the governor of Illinois for the return of the relator as a fugitive from the justice of that state.

The federal statute, Title 18, USCA, § 662 (R. S. § 5278) requires the executive authority of any state demanding the custody of any person as a fugitive from justice to furnish "a copy of an

[1]Reported in 232 N. W. 788.

indictment found, or an affidavit made before a magistrate of any state * * * charging the person demanded with having committed" a crime.

In the instant case there was no indictment. The demand was accompanied by a duly authenticated copy of the criminal complaint on file in the municipal court in Chicago. There was also a separate affidavit made by the complaining witness. The complaint and affidavit were both sworn to before the judge of said court.

The argument is now advanced that these two papers are insufficient to meet the requirement of the federal statute because they do not set forth in detail the facts to constitute a confidence game—the charge being that relator obtained from Ava Marston certain corporate stock "by means and by use of the confidence game, with the felonious intent then and there to cheat and defraud * * * in violation" of a certain statute. The papers do not attempt to disclose the facts claimed to constitute the confidence game. Illinois Revised Statutes, 1925, c. 38, §§ 256 and 257, Criminal Code, §§ 98 and 99, read as follows:

"Every person who shall obtain or attempt to obtain from any other person or persons any money, property or credit by means or by use of any false or bogus check or by any other means, instrument or device commonly called the confidence game shall be imprisoned in the penitentiary not less than one year nor more than ten years.

"In every indictment under the preceding section, it shall be deemed and held a sufficient description of the offense, to charge that the accused did, on etc., unlawfully and feloniously obtain, or attempt to obtain, (as the case may be,) from A B (here insert the name of the person defrauded or attempted to be defrauded,) his money (or property, in case it be not money,) by means and by use of the confidence game."

The accusation is based upon the foregoing statute. The criminal complaint may answer as the affidavit contemplated by the federal statute. State ex rel. Nemec v. Sheriff, 148 Minn. 484, 181 N. W.

640. But the record also discloses the separate affidavit which meets the requirements of the statute. Their sufficiency is attacked upon the grounds above stated.

When the statutory papers accompanying the demand show a crime committed against the laws of the demanding state the court will not consider its sufficiency as a criminal pleading in other respects. State ex rel. Elliott v. Wall, 178 Minn. 368, 227 N. W. 176. See State ex rel. Rogers v. Murnane, 172 Minn. 401, 215 N. W. 863; Pierce v. Creecy, 210 U. S. 387, 28 S. Ct. 714, 52 L. ed. 1113. It is sufficient when the required papers show that there is pending in a court of competent jurisdiction, in the demanding state, a criminal charge. It is clear that the complaint, as well as the affidavit, states an offense under the Illinois statutes above quoted. Whether the complaint is sufficient as a criminal pleading under the laws of this state is immaterial.

Writ quashed and relator remanded to custody of respondent.