60 So.2d 266

HARRIS v. STATE.
5 Div. 515.

Supreme Court of Alabama.
Nov. 23, 1951.

Rehearing Denied Jan. 10, 1952.

Geo. P. Howard, Wetumpka, opposed.

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the petition.

SIMPSON, Justice.

Certiorari to the Court of Appeals. The writ was granted in view of a claimed conflict in the Alabama decisions relative to whether or not on habeas corpus, when the rendition warrant in extradition fails to show affirmatively the several statutory prerequisites for its issuance, the same may be aided by proof (documents before the Governor) which would show that all of the requisite jurisdictional matters did obtain when the warrant was issued by the executive department of the sanctuary state.

Section 54, Title 15, Code of Alabama, 1940, reads as follows. "If the governor shall decide that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal, and be directed to a sheriff, marshal, coroner, or other person whom he may think fit to entrust with the execution thereof; *and the warrant must substantially recite the facts necessary to the validity of its issue.*" (Emphasis ours.)

It is the emphasized part of this section which is here to be considered.

The portion of the rendition warrant pertinent to this appeal is as follows: "Whereas, His Excellency, Herman E. Talmadge, Governor of the State of Georgia, by requisition dated the 11th day of May, 1950 has demanded of me, as Governor of the State of Alabama, the surrender of Velt Harris who, it appears, is charged by *Accusation*, in the County of Fulton in said State, with the crime of Abandonment of his Minor Children (a duly certified copy of which *Accusation* accompanies said requisition) and it appearing that said Velt Harris has fled from justice in said State and taken refuge in the State of Alabama." (Emphasis ours.)

The Court of Appeals held that the warrant was void in containing the word "accusation" rather than reciting that the accused was "lawfully charged by indict-ment or by an information" etc., "or by affidavit" etc., § 52, Title 15, with having committed the crime. And, interpreting our opinion in Russell v. State, 251 Ala. 268, 37 So.2d 233, as holding that if the rendition warrant was deficient it could not be aided by reference to the allied papers accompanying the requisition warrant, that court ordered the petitioner discharged. We take it from the opinion of the Court of Appeals that the "allied papers" referred to would show that all the jurisdictional requirements did obtain by being made to appear from the documents accompanying the requisition warrant from the demanding state to justify the chief executive of this state to issue the warrant, but that that court thought that under the ruling of the Russell Case such evidence could not be tendered either on the return of the sheriff or on the hearing in habeas corpus as justification for the prisoner's detention. We regard the theory as unsound. It is against the weight of authority. And as we will later show, the broad language in Russell's Case is not to be so construed, although concededly it might have been susceptible to that interpretation.

■ Laying aside for the moment the strict legal question, we will observe that here the warrant contains the word "accusation." It also states that the "accusation" is properly certified. Are we to construe our statute so strictly as to presume that the "accusation" is not in the form of an indictment or an affidavit sworn to before a magistrate or an information filed by a prosecuting officer and supported by affidavit as to the facts. To so hold, where allied papers are included in the return to the writ of habeas corpus or introduced on the trial, which do so show, would be to presume that the governor had not performed his duties in regard to the matter. Public officials are presumed to perform their duties. This rule is so well founded, has been a part of our jurisprudence for so long, and is so universally recognized as to need no citation of authority.

Prior to Russell v. State, supra, the Court of Appeals in Watson v. State, 30 Ala.App. 184, 2 So.2d 470, 472 (authored

by the writer here while a judge of that court), stated that "unless it is made to appear either in the warrant of the Governor or elsewhere in the proceedings that he [petitioner] is so lawfully charged, the State fails to prove its case and the prisoner is entitled to the writ." The recitals in the Governor's warrant in that case were obviously deficient, alone and of themselves, to show prima facie the legality of petitioner's detention. But the clear intent of that holding was to allow the court in habeas corpus proceedings to look to the allied papers in aid of the warrant to show the validity of the detention. We think the principle to be sound.

The issue in this proceeding of habeas corpus is whether or not the prisoner is illegally restrained of his liberty. As an initial inquiry, the question of the sufficiency of the rendition warrant, prima facie, to justify the detention is brought under consideration and if no more be shown, the prisoner is subject to be discharged unless the warrant does substantially comply with the provisions of the statute. But that is not to say that evidence may not be introduced to show that all the necessary documents were before the Governor as predicate for the issuance of the rendition warrant. An enlightening annotation on the question appears in 89 A.L.R. 595 et seq., and on page 599 the majority rule is thus stated: " * * * the failure of the rendition warrant to show affirmatively that the Governor, in issuing it, had before him a copy of an indictment or an affidavit made before a magistrate of the demanding state charging the alleged fugitive with crime, may be cured, when such recitals are required, upon habeas corpus proceedings for the discharge of the fugitive, by including with the return of the sheriff, or producing on the hearing, the papers on which the warrant was issued which show on their face that they are in due and legal form, and that the warrant was justified * * *."

This rule is well supported by the authorities. In re Romaine, 23 Cal. 585; Ex parte Dawson, 8 Cir., 83 F. 306, certiorari denied, 170 U.S. 705, 18 S.Ct. 941, 42 L.Ed. 1218; Lacondra v. Hermann, 343 Ill. 608, 175 N.E. 820; State ex rel. Stundahl v. Richardson, 34 Minn. 115, 24 N.W. 354; State ex rel. Grande v. Bates, 101 Minn. 303, 112 N.W. 260; People ex rel. Jourdan v. Donohue, 84 N.Y. 438; State ex rel. Sivley v. Hackett, 161 Tenn. 602, 33 S.W.2d 422. Cf. United States ex rel. Silver v. O'Brien, 7 Cir., 138 F.2d 217, certiorari denied, 321 U.S. 766, 64 S.Ct. 522, 88 L.Ed. 1062; Collins v. Traeger, 9 Cir. 27 F.2d 842; Schriver v. Tucker, Fla., 42 So.2d 707.

One of the earliest cases sustaining the majority view is the case of In re Romaine, 23 Cal. 585, where the warrant stated that petitioners were "charged with crime of murder and highway robbery." The return of the officer having custody set forth, however, certified copies of the original affidavit. The California court held that these allied papers supplied the facts omitted in the warrant and *"substantially"* showed that the warrant was issued in a case within the provisions of the law of the rendering state.

In Lacondra v. Hermann, 343 Ill. 608, 175 N.E. 820, 823, the rendition warrant recited the production of a "complaint and warrant" certified as authentic, and it appeared upon the officer's return that the "complaint" was in the form of an affidavit properly sworn to before a magistrate of the demanding state, and the holding was that the warrant together with the return to the writ, when considered together, were sufficient.

To like effect is State ex rel. Stundahl v. Richardson, 34 Minn. 115, 24 N.W. 354, 355, where the rendition warrant recited that the alleged fugitive stands charged "by complaint." The court observed that "It ought to have appeared in this case *by the return to the writ of habeas corpus* that the executive was furnished with the required copy of the indictment or affidavit duly certified as authentic." (Emphasis ours.) Failing in this respect, the writ was held to be insufficient to hold the prisoner and he was ordered discharged.

We quote from State ex rel. Grande v. Bates, 101 Minn. 303, 112 N.W. 260, 262: "But, if it be conceded that by the use of the word 'complaint' in the warrant, instead of the word 'affidavit,' this case falls within the rule of the case of State ex rel. v. Richardson, 34 Minn. 115, 24 N.W. 354, yet it appears, from the sheriff's return in this case and the papers before the court, that the warrant is sufficient within the rule of that case, and that the relator is not unlawfully restrained of his liberty by the sheriff, the respondent herein. It appears, from the return to the writ and the papers accompanying and made a part of the return, which papers constitute the record upon which the Governor acted in issuing his warrant and which are a part of the record in this court in this case, that the Governor of California duly demanded the surrender of the relator as a fugitive from the justice of that state; that such demand was made in strict accordance with the Constitution and laws of the United States; that the complaint referred to in the Governor's warrant was a verified complaint in form and legal effect an affidavit charging the relator with the crime of forgery with sufficient definiteness to show that the crime had been committed, and, further, that it was the duty of the Governor of this state to surrender the relator to the agent of the Governor of the state of California, and that he was authorized and required to issue his warrant to effect such surrender. We accordingly hold that the warrant and proceedings by virtue of which the relator was arrested and is detained are valid, and that he is not unlawfully restrained of his liberty."

See also State ex rel. Denton v. Curtis, 111 Minn. 240, 126 N.W. 719, of similar import.

As to finality of the chief executive's warrant, we find the following observation by the New York court in the case of People ex rel. Jourdan v. Donohue, 84 N.Y. 438, 441: " * * * And hence we have held that where the preliminary papers upon which a warrant of extradition has been granted are produced, and are before us, it is our right and our duty to examine them, and judge and determine, when our process is invoked, whether they are sufficient, under the law, to justify the warrant of extradition. People ex rel. Lawrence v. Brady, 56 N.Y. 182. Our ruling in this respect has not escaped criticism Leary's Case, [Fed.Cas. No. 8,162], 6 Abb.N.C. [43], 44; but an opposite conclusion, which would make the determination of the Executive final, even though the papers produced clearly showed that the essential preliminaries of the law were unfulfilled, does not yet commend itself to our judgment."

Should we hold that the recitals in the rendition warrant are conclusive, then it should logically follow that, should the chief executive on all occasions employ the magic words "indictment" or "affidavit" or "information," the prisoner, in habeas corpus proceedings, would be forever barred to test the sufficiency of the extradition papers as basis for issuance of the executive warrant. Such, of course, is not the law and the prisoner is allowed to traverse such recitals. So viewed, we think as a corollary, as a matter of law and as a matter of common sense, the State should also be permitted to show such matters in aid of the warrant.

In State ex rel. Sivley v. Hackett, 161 Tenn. 602, 33 S.W.2d 422, that court said: "We would not be disposed to hold the warrant fatally defective or void if in the return to the writ of habeas corpus, or at the hearing, the defendants had shown that as a matter of fact the requisition of the Governor of Georgia was accompanied by an indictment found, or an affidavit made before a magistrate properly charging the offense, and that these documents were before the Governor of Tennessee when he issued the warrant here. * * *" 33 S.W.2d 423.

It is obvious that the Tennessee court would also permit in evidence such matters as were before the Governor of the sanctuary state to cure a defect on the face of the warrant and to show that the detention was valid.

What the Governor must have before him to authorize the issuance of the

rendition warrant is a matter which properly addresses itself to the wisdom and discretion of the chief executive, subject, of course, to our statute, Title 15, §§ 50 and 52, Code 1940, which prescribes the matters which must be before him prior to its issuance. As to the sufficiency of the warrant, however, these sections do not apply; this is controlled entirely by § 54, Title 15, which states that "the warrant must substantially recite the facts necessary to the validity of its issue."

 We think, then, the rule in Alabama should be consonant with the weight of authority to the effect that if the rendition warrant is defective but is accompanied by allied papers, either on the return to the writ of habeas corpus or introduced on the trial, which when taken together with the warrant, show that the executive of the asylum state did in fact have before him the necessary jurisdictional matters, viz., the documents required for the issuance of the warrant, then the prisoner is not illegally restrained. 89 A.L.R., supra. This annotation reveals that many jurisdictions have adopted an even more liberal rule than is here urged. See Ross v. Crofutt, 84 Conn. 370, 80 A. 90; Kingsbury's Case, 106 Mass. 223; State ex rel. Burnett v. Flournoy, 136 La. 852, 67 So. 929; Ex parte Devine, 74 Miss. 715, 22 So. 3.

Now with reference to Russell's Case: That was a review by certiorari of a case from the Court of Appeals, which limited its opinion to a denial of the right of the state to extradite the prisoner because of a finding by that court that the extradition proceedings were instituted for the purpose of the collection of a debt in contravention of § 68, Title 15, Code 1940, of consequence of which the prisoner was ordered discharged. That was the matter under review by this court and the other language of the opinion was thrown in in response to argument of counsel. A resort to the record discloses that oral testimony of a witness and other documents not before the Governor of Alabama were sought to be introduced at the hearing, and what this court had in mind in declaring that any vital deficiency in an extradition warrant may not be cured by extrinsic evidence was that that character of evidence was inadmissible.

We have been much aided by excellent briefs and oral argument of counsel for the parties, and while concededly there is some authority to support the contrary view, Ex parte Schillings, 124 Tex. Cr.R. 482, 63 S.W.2d 853; In re Hagan, 295 Mo. 435, 245 S.W. 336, we think the majority rule comports more consistently with reason, logic and settled jurisprudence. The judgment of the Court of Appeals is, therefore, reversed and the cause remanded to that court for further proceedings consonant with this opinion.

Reversed and remanded.

All the Justices concur.