STATE EX REL. MICHAEL GEGENFURTNER v.
REUBEN G. GRANQUIST.

135 N. W. (2d) 447.

May 14, 1965—No. 39,583.

*Lyle J. Eckberg* and *Dennis J. Holisak,* for appellant.

*Robert W. Mattson,* Attorney General, and *Linus J. Hammond,* Assistant Attorney General, for respondent, sheriff of Washington County.

SHERAN, JUSTICE.

Appeal from an order of the district court discharging a writ of habeas corpus.

Michael Gegenfurtner was convicted, sentenced, and confined in a penal institution in the State of Wisconsin for felonies committed in that state. Thereafter, in April 1960, he was paroled. In August 1960 he committed a crime in Minnesota and criminal proceedings were instituted against him here because of it. He was apprehended in Wisconsin; waived extradition and was returned to this state; and was confined at Stillwater following conviction and sentence on account of the Minnesota offense.

In October 1960 the State of Wisconsin revoked Gegenfurtner's parole and thereafter filed a detainer against him at Stillwater. When he was about to be released from his Minnesota confinement, extradition proceedings were instituted by the State of Wisconsin to secure the arrest and return of relator to that state. The Governor of Minnesota authorized the arrest and detention of relator, who is now in the custody of the respondent pursuant to a rendition warrant.

Relator petitioned the District Court of Washington County for a writ of habeas corpus, contending he was illegally held by respondent. The writ issued in response to the petition was subsequently discharged and the matter is now before us by reason of appeal.

■ In determining the validity of custody in the asylum state pending interstate extradition, the court petitioned for habeas corpus generally considers these four questions:

■ Are the demand for extradition and the warrant issued in response to it in proper form?[1]

---

[1]See, State ex rel. Stundahl v. Richardson, 34 Minn. 115, 24 N. W. 354; State ex rel. Arnold v. Justus, 84 Minn. 237, 87 N. W. 770, 55 L. R. A. 325; State ex rel. Grande v. Bates, 101 Minn. 303, 112 N. W.

■ Is the criminal charge pending in the requisitioning state adequate to support extradition?[2]

■ Is the person seeking relief from extradition proceedings identical with the person named therein?[3]

■ Was the person confined by virtue of the extradition warrant actually present in the state where the criminal act was committed at the time thereof or, if not, did he perform an act outside of the requisitioning state intentionally resulting in a crime in such state?[4]

If the answer to these four questions is in the affirmative then, ordinarily, release will be denied. There is no claim that any one of the four requisites is lacking here and for this reason the district court refused to release the relator.

■ Relator contends, however, that the State of Wisconsin waived its right to demand satisfaction of the Wisconsin sentence by permitting the State of Minnesota to effect Gegenfurtner's return from Wisconsin to Minnesota. Therefore, it is urged, the State of Wisconsin was without power to revoke Gegenfurtner's parole. Even though a convicted

---

260; State ex rel. Denton v. Curtis, 111 Minn. 240, 126 N. W. 719; State ex rel. King v. Wall, 181 Minn. 456, 232 N. W. 788; State ex rel. Rogers v. Murnane, 172 Minn. 401, 215 N. W. 863; State ex rel. Webster v. Moeller, 191 Minn. 193, 253 N. W. 668; 8A Dunnell, Dig. (3 ed.) §§ 3708, 3709.

[2]See, U. S. Const. art. IV, § 2; Minn. St. c. 629; In re Burke, 4 Fed. Cas. 732 (No. 2,158); State ex rel. Smith v. Goss, 66 Minn. 291, 68 N. W. 1089; State ex rel. Elliott v. Wall, 178 Minn. 368, 227 N. W. 176; State ex rel. Stephenson v. Ryan, 235 Minn. 161, 50 N. W. (2d) 259; 8A Dunnell, Dig. (3 ed.) § 3706.

[3]See, State ex rel. Grande v. Bates, 101 Minn. 303, 112 N. W. 260; Drew v. Thaw, 235 U. S. 432, 35 S. Ct. 137, 59 L. ed. 302; Annotation, 93 A. L. R. (2d) 912.

[4]See, State ex rel. Bond v. Langum, 135 Minn. 320, 160 N. W. 858; State ex rel. Liimatainen v. Boekenoogen, 140 Minn. 120, 167 N. W. 301; State ex rel. Stephenson v. Ryan, 235 Minn. 161, 50 N. W. (2d) 259; State ex rel. Burner v. Richter, 37 Minn. 436, 35 N. W. 9; State ex rel. Rinne v. Gerber, 111 Minn. 132, 126 N. W. 482; State ex rel. Curry v. Wagener, 145 Minn. 377, 177 N. W. 346; State ex rel. Shapiro v. Wall, 187 Minn. 246, 244 N. W. 811, 85 A. L. R. 114; Minn. St. 629.06; 8A Dunnell, Dig. (3 ed.) § 3707, note 67.

person whose parole has been revoked because of violation of a condition that he is not to leave the state without permission of the parole officer is subject to extradition as a fugitive from justice (State ex rel. Stephenson v. Ryan, 235 Minn. 161, 50 N. W. [2d] 259), it is argued that Gegenfurtner should not be extradited in this situation if Gegenfurtner's return to Minnesota terminated Wisconsin's power to revoke his parole. The cases cited in support of this theory are: In re Hess, 5 Kan. App. 763, 48 P. 596; People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N. E. (2d) 517, 147 A. L. R. 935; In re Jones, 154 Kan. 589, 121 P. (2d) 219; Ex parte Guy, 41 Okla. Cr. 1, 269 P. 782; State v. Saunders, 288 Mo. 640, 232 S. W. 973; Ex parte Middaugh, 40 Okla. Cr. 280, 268 P. 321; and State v. Liakas, 165 Neb. 503, 86 N. W. (2d) 373.

The issue thus framed is whether the power of a state to demand satisfaction of a sentence imposed for a felony is exhausted when the person convicted has been placed on parole and then removed without objection by the authorities of the convicting state for prosecution in a sister state.

Although the question has been considered in numerous other jurisdictions,[5] this court has yet to decide whether the surrender of a convict, before satisfaction of his sentence, to authorities of another jurisdiction precludes punishment or further punishment under the original sentence.

We note that the record includes a certified copy of an order revoking parole dated October 31, 1960, executed by Wilbur J. Schmidt, Director of the Wisconsin Department of Public Welfare. This order, in specifying the grounds for the parole revocation, states:

"The aforesaid [relator] between August 8, 1960 and August 11, 1960 stole and forged a signature on a $2,649.80 Government check, forged five other checks and cashed same. These activities took place in Duluth, Minnesota. On August 11, 1960 he was arrested in Superior, Wisconsin, waived extradition to Minnesota, and on October 6, 1960 was sentenced to a term of 0-10 years at the Minnesota State Prison, Stillwater, Minnesota, on charges of forgery."

---

[5]The cases are collected in Annotation, 147 A. L. R. 941.

In our opinion Minnesota, having secured satisfaction for the crime committed here, would not be justified in refusing to return the convicted person to Wisconsin when the extradition proceedings here involved are unassailed except for the claim that the latter state, by assenting to the removal of its parolee, has lost its capacity to impose further punishment.

Particularly is this the case here where both Wisconsin[6] and Minnesota[7] have adopted the Uniform Extradition Act which provides that nothing therein contained "shall be deemed to constitute a waiver by this state * * * of its right, power, or privilege to regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence, or punishment for any crime committed within this state, nor shall any proceedings * * * which result in, or fail to result in, extradition be deemed a waiver by this state of any of its rights, privileges, or jurisdiction in any way." Minn. St. 629.24. This specific provision of the Uniform Extradition Act was considered in Rau v. McCorkle, 45 N. J. Super. 191, 198, 131 A. (2d) 895, 899, and we agree with the conclusion there expressed:

"The above statute indicates conclusively that by reason of its consent surrender of the present plaintiffs to New York under the extradition proceedings, New Jersey did not waive or forfeit any of its rights to regain the persons surrendered 'for the purpose of *trial, sentence* or *punishment* for any crime committed within this state.' The terms of the above section unequivocally eliminate the contention that a pardon attaches to the surrender."

Of the cases cited by relator, People ex rel. Barrett v. Bartley, 383 Ill. 437, 442, 50 N. E. (2d) 517, 520, is most in point. Although that decision may be authority for the proposition that rendition of a person in confinement is the equivalent of a commutation of sentence, the decision itself stops short of applying this principle to the extradition of persons on parole when, in speaking of the prisoner there involved, the court said:

---

[6]See, Wis. Stat. 964.01 to 964.29.
[7]See, Minn. St. 629.01 to 629.29.

"* * * Had McLaughlin been extradited while absent from the prison and while on parole it would have created a different situation."

Other and more recent decisions supporting the principle that habeas corpus should be denied in a situation such as that here involved are Rau v. McCorkle, *supra*; United States ex rel. Hunke v. Ragen (7 Cir.) 158 F. (2d) 644; United States ex rel. Moulthrope v. Matus (D. Conn.) 127 F. Supp. 282; United States ex rel. Palmer v. Ragen (7 Cir.) 159 F. (2d) 356; Jurczyszyn v. Michigan Parole Bd. 316 Mich. 529, 25 N. W. (2d) 609; Gilchrist v. Overlade, 233 Ind. 569, 122 N. E. (2d) 93; Heston v. Green, 174 Ohio St. 291, 189 N. E. (2d) 86; Davis v. Rhyne, 181 Kan. 443, 312 P. (2d) 626; Thompson v. Bannan (6 Cir.) 298 F. (2d) 611.

If it be true that active participation by the asylum state in the removal of a person charged in a sister state with crime does not constitute a waiver of the right to impose further punishment, it follows by the necessary force of reason that the mere failure of the asylum state to prevent removal where extradition has been waived by the fugitive cannot be a bar to further punishment. Therefore, the suggestion by relator that this case is saved from the intendment of the previously quoted provisions of the Uniform Extradition Act by the fact that he waived extradition from Wisconsin in 1960 is without merit.

There may be circumstances where the scope of inquiry in habeas corpus proceedings directed against extradition may justify or require an inquiry broader in scope than that traditionally recognized,[8] but we do not find among the decisions of the United States Supreme Court anything which remotely suggests that relator in this case would be deprived of due process of law if the State of Minnesota, in response to extradition proceedings correct on their face, declines, whether it be from considerations of comity or an analysis of the merits of the problem, to declare that the State of Wisconsin waived irrevocably its right to punish the relator for the crime on account of which he was sentenced and paroled at the time of his rendition to the State of Min-

---

[8]The problem is discussed in Note, 74 Yale L. J. 78.

nesota.[9] The discharge of the petition for habeas corpus is, therefore, affirmed without prejudice to the right of relator to renew his claims in the courts of Wisconsin or in any other forum.

Counsel for relator having requested that in the event of an adverse decision a stay be entered to enable him to petition for a writ of habeas corpus in United States Federal District Court, it is ordered that further proceedings herein be stayed for 15 days after the filing of this opinion.

Affirmed.

---

[9]See, Sweeney v. Woodall, 344 U. S. 86, 73 S. Ct. 139, 97 L. ed. 114, rehearing denied, 344 U. S. 916, 73 S. Ct. 332, 97 L. ed. 706; Pearce v. Texas, 155 U. S. 311, 15 S. Ct. 116, 39 L. ed. 164; Ker v. Illinois, 119 U. S. 436, 7 S. Ct. 225, 30 L. ed. 421; Lascelles v. Georgia, 148 U. S. 537, 13 S. Ct. 687, 37 L. ed. 549; Innes v. Tobin, 240 U. S. 127, 36 S. Ct. 290, 60 L. ed. 562.