STATE EX REL. FRANKLIN E. KELLER, JR. v.
HAROLD LeVANDER AND ANOTHER.

168 N. W. (2d) 491.

May 29, 1969—No. 41455.

*Douglas M. Head,* Attorney General, *William B. Randall,* County

Attorney, and *Rupert G. Usrey,* Assistant Prosecuting Attorney, Buchanan County, Missouri, for appellant.

*Douglas W. Thomson* and *John R. Wylde, Jr.,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court making absolute a writ of habeas corpus applied for by petitioner, Franklin E. Keller, Jr., after his arrest pursuant to an extradition warrant.

Petitioner was indicted in Buchanan County, Missouri, under a Missouri statute, Mo. Rev. Stat. 1967 (Cum. Supp.) § 559.356, which provides in part:

"Any man who leaves the state of Missouri and takes up his abode in some other state and leaves his child under the age of sixteen years in the state of Missouri, and, without just cause or excuse, fails, neglects or refuses to provide his child with adequate food, clothing, lodging, or medical or surgical attention shall be guilty of a felony and upon conviction thereof shall be imprisoned by the department of corrections for a term of two years."

In the indictment it is alleged that the crime occurred between January 1, 1967, and September 28, 1967. The above-quoted statute became effective October 13, 1965. Prior to that date, the same crime was classed as a misdemeanor under Mo. Rev. Stat. 1959, § 559.350.

Petitioner was arrested in St. Paul under a fugitive warrant dated January 9, 1968. The governor of Missouri issued a requisition warrant on January 19 of that year and, following a hearing, the governor of Minnesota issued a rendition warrant. Petitioner then applied in Ramsey County for a writ of habeas corpus challenging his arrest and extradition, as was his right under Minn. St. 629.10. A hearing was held on April 5, 1968, at which petitioner appeared with his counsel.

The only evidence introduced at the hearing was petitioner's testimony that he left Missouri during August or September 1965 and that his only other contacts with the state occurred during visits in

the first 6 months of 1966, none of which was longer than overnight and during which either he or his then wife sent funds for support to his first wife. It is conceded that petitioner was not in Missouri during the period stated in the indictment as the time the crime occurred.

The initial hearing on the writ was continued twice to permit further study of the matter by the court. During the interim, a civil action under the Uniform Reciprocal Enforcement of Support Act was started in Missouri, both Missouri and Minnesota having enacted versions of that act (Mo. Rev. Stat. 1959, §§ 454.010 to 454.360, and Minn. St. 518.41 to 518.53). A final hearing on the writ of habeas corpus was held April 24, 1968. At that hearing, the court issued the following order:

"An action under the Reciprocal Support Act has now been commenced in the State of Missouri, and this defendant, Franklin E. Keller, Jr., has been served with the necessary process; and, now, at this time, the Court having had serious doubts that all of the elements necessary for extradition were supplied in any event, the Writ of Habeas Corpus is made absolute, the defendant is discharged from custody, and his bond and the sureties thereon are released."

On May 31, 1968, an order was issued by the Family Court Division of the Ramsey County District Court, as the responding court in the civil support action, requiring defendant to pay the sum of $100 per month for the support of his minor children. The district court ordered the money to be paid to the probation officer for Ramsey County for forwarding to the initiating court in Missouri. There is no contention on this appeal that petitioner has not at all times complied with this order.

Following the filing of the notice of appeal in this case, the trial judge of his own volition prepared a memorandum in which he stated that he had indicated to counsel for both sides that he had substantial doubts as to whether extradition should be allowed and that both sides had agreed to commencement of a reciprocal support action to dispose of the matter. He then stated:

"In the opinion of this Court the matter was disposed of through a

negotiated agreement between the Petitioner and all of the prosecuting authorities concerned, and the matter is moot. In fact, the Court was so sure that the case had been disposed of, as set out heretofore, that the memorandum it had prepared was thought to be unnecessary and the Court decided not to file it, and in fact destroyed it."

The judge went on to state that, on the merits, the fact that the petitioner was not in Missouri at the time charged in the indictment and the fact petitioner had left Missouri prior to the time the statute was enacted and had returned only for brief visits raised sufficient doubt as to whether all the elements for extradition had been present to justify making the writ absolute.

This appeal is taken from the order making the writ absolute and in no way challenges the support order issued by the Minnesota district court as the responding court under the reciprocal support statutes of Minnesota and Missouri.

Two issues are raised on this appeal: (1) Whether the accused's presence in the demanding state (Missouri) at the time the offense was committed is an essential requisite to valid extradition; and (2) whether the Missouri statute, Mo. Rev. Stat. 1967 (Cum. Supp.) § 559.356, is applicable to the petitioner.

It is clear under the laws of Minnesota that as a prerequisite to the validity of an extradition it must appear that "[t]he person confined by virtue of the extradition warrant was actually present in the demanding state at the time the offense was committed or, if not, did perform an act outside of the demanding state intending that the result be the accomplishment of a crime in such state." State v. Limberg, 274 Minn. 31, 33, 142 N. W. (2d) 563, 564; State ex rel. Gegenfurtner v. Granquist, 271 Minn. 207, 209, 135 N. W. (2d) 447, 449. (The language is based on §§ 629.03 and 629.06 of the Uniform Criminal Extradition Act, Minn. St. 629.01 to 629.29.) Having conceded that petitioner was not in Missouri at the time specified in the indictment, the Missouri prosecuting attorney relies on the alternative of acts committed outside that state.

The difficulty with this reliance is that it appears from the language of the Missouri statute under which petitioner is charged that this is

not a crime which can be committed entirely in another state—that leaving the state of Missouri is a necessary element of the crime.

Prior to the enactment of § 559.356 in 1965, the applicable Missouri law was contained in Mo. Rev. Stat. 1959, § 559.350 (Laws of Missouri 1947, vol. 1, p. 259, § 1), which provided, in part, that it was a misdemeanor to abandon, desert, or fail to support one's children or to leave Missouri and take up abode elsewhere leaving a wife or children in the state and failing to support them. Laws of Missouri, 1965, p. 669, §§ A and 1, repealed § 559.350 and enacted § 559.356, set out above, and § 559.353. Under § 559.353, abandonment, desertion, or nonsupport remains a misdemeanor, while under § 559.356, leaving Missouri to take up abode elsewhere leaving children in the state and failing to support them is a felony. The operative language of the two statutes as to nonsupport is identical. Therefore, as we interpret it, it is the act of leaving Missouri that changes the status of the crime from misdemeanor to felony.

The act of leaving Missouri is not one that can be committed entirely in another state. Thus, presence in Missouri at the time the offense was committed is the only one of the alternative requisites for a valid extradition that can be applicable to the present case, and it is conceded that petitioner was not present in that state during the time specified. Therefore the Minnesota trial court properly concluded that the writ of habeas corpus should be made absolute.

The prosecuting attorney of Buchanan County, Missouri, earnestly contended on oral argument before us that the statute applied to anyone outside Missouri who failed to support children in that state and that, since it was often impossible to determine the precise date an individual left the state, making departure a crucial element of the crime would unduly restrict the prosecution.

The only construction thus far given to the statute by a Missouri authority is found in an opinion of the attorney general of that state, Opinion No. 377, Dec. 14, 1965. It states that the law is aimed at "abandonment *and* failure to support" and that "abandonment must be proved in addition to the failure to support." The opinion characterizes the offense as "abandoning a child in this state to take up abode

in another state and failure to support such child." Thus, as the Missouri attorney general reads the statute, it requires leaving Missouri to take up abode in another state; and simply proving failure to support a child who is in Missouri would not be sufficient to sustain a conviction.

As to the claim of the Missouri prosecuting attorney that the prosecution should not be required to specify the exact time the person sought to be charged left the state, we agree that the precise date may be impossible to determine. However, in this case it is clear that petitioner had abandoned his family and left the state prior to the effective date of the statute, October 13, 1965, and, under the attorney general's opinion referred to above, § 559.356 cannot be made to apply where the abandonment occurred before that date. Since the statute increased the possible punishment, having changed the crime from a misdemeanor to a felony, such application would be ex post facto and prohibited by the Constitution. Therefore, even if we were disposed to disregard the time specification in the indictment, we could not disregard the clear unconstitutionality of applying the statute to an abandonment occurring prior to its effective date.

The order of the trial court must be affirmed.

Affirmed.